**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

VIOLET LEE,

        Plaintiff-Appellant,

v.

WILLIAM PERRY, SECRETARY,
DEPARTMENT OF DEFENSE,

        Defendant-Appellee.

No. 96-6392
(D.C. No. 94-CV-2079)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff was hired as a part-time checker at the commissary at Fort Sill in 1987. In 1993, a full-time position opened for which plaintiff was not selected. Instead, the job was given to a white woman, younger than plaintiff. Plaintiff filed a complaint alleging that defendant discriminated against her on the basis of age, race, and gender. The district court granted summary judgment in favor of defendant, and we affirm.

In granting summary judgment, the district court did not consider plaintiff's untimely response to defendant's summary judgment motion. After defendant filed its summary judgment motion, plaintiff filed a motion for extension of time in which to respond. The district court granted plaintiff's first motion for extension of time. Plaintiff's application for a second extension was denied. Seven days after the response was due, plaintiff filed her response to defendant's summary judgment motion, and the following day she filed a third motion for extension of time. The district court denied the third motion for extension of time and ordered that plaintiff's response be stricken. In its order striking the response, the district court noted that one of plaintiff's attorney's excuses for needing more time was another summary judgment response due in another case before the district court. The court recognized that the case counsel referred to was before another judge and that counsel had also requested an extension of time

in that case, citing this case as an excuse for needing more time. The district court admonished counsel in its order that it "does not appreciate counsel's attempt to play one case off of the other, in the apparent belief that chambers do not communicate with one another." Order Striking Pleadings at 2. The district court also chided counsel for making a retroactive motion for more time, after he had already filed the untimely response.

We review the district court's denial of plaintiff's motion for extension of time for an abuse of discretion. See Buchanan v. Sherrill, 51 F.3d 227, 228 (10th Cir. 1995).[1] Under the circumstances of this case, the district court did not abuse its discretion in denying further extensions of time and striking plaintiff's untimely summary judgment response.

We now turn to the merits of the summary judgment ruling. We review the district court's grant of summary judgment de novo to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to

---

[1]    Although neither party addresses this in their brief, it appears that plaintiff's first motion for extension of time was made pursuant to Fed. R. Civ. P. 6(b)(1) and the second one was pursuant to 6(b)(2). In fact, neither plaintiff nor defendant even mentions the district court's refusal to consider plaintiff's summary judgment response as a consequence of the court's refusal to extend the time in which it was filed. Insofar as defendant goes out of its way to criticize plaintiff's presentation of this appeal, we note that, in addition to its failure to address the district court's procedural handling of the summary judgment motion, defendant's brief on appeal is incomplete. Although it contains consecutively numbered pages, the last sentence on page 4 is not completed on page 5. It appears that an entire section of the brief is missing.

judgment as a matter of law. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). We view the evidence in the light most favorable to the nonmoving party, even when the evidence is produced by the movant. See Buchanan, 51 F.3d at 229. We must also follow the burden-shifting regime set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), which dictates that the plaintiff has the burden of establishing a prima facie case of discrimination in her complaint, id. at 802. The burden then shifts to defendant to articulate a legitimate, nondiscriminatory reason for the action, after which the plaintiff must show that the defendant's proffered reason is a pretext. See id. at 802, 804.

Plaintiff's complaint establishes a prima facie case of discrimination. Answering plaintiff's allegations of discrimination in its summary judgment motion, defendant presents legitimate, nondiscriminatory reasons why plaintiff was not selected for the full-time position. The record shows that plaintiff had been the object of several customer complaints and the subject of various documented disciplinary actions throughout her tenure. In contrast, the employee selected for the full-time position had no customer complaints or disciplinary incidents. In addition, even though she had not worked for defendant as long as plaintiff, the selected employee had more years of experience, considering her previous employment. Defendant met its burden of articulating legitimate, nondiscriminatory reasons for not selecting plaintiff for the full-time position.

Plaintiff failed to show that defendant's stated reasons were pretext. As stated above, the district court's action in striking plaintiff's untimely response to the summary judgment motion was within its discretion, and the record contains no evidence of pretext.[2] We, therefore, affirm the district court's grant of summary judgment in favor of defendant.

Finally, to the extent that plaintiff argues on appeal that the district court judge erred in failing to sua sponte recuse himself from this case, we disagree. Plaintiff did not request that the district court judge recuse himself, and she has presented no facts that would suggest the judge should have acted sua sponte.

The judgment is AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM

---

[2] We note that, in its summary judgment order, the district court stated that it had reviewed plaintiff's untimely response and, even if it had considered the response, plaintiff did not meet her burden. We, too, have reviewed the untimely response and we agree with the district court that, even considering the untimely response, plaintiff would not have survived summary judgment.