FILED
United States Court of Appeals
Tenth Circuit

January 29, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

LINDA ECKERT BALLARD,

        Plaintiff - Appellant,

v.

THE GEO GROUP, INC.; MIKE
MARTIN; NFN GRAYSON; DEBRA
VEGA-COWAN,
        Defendants - Appellees.

No. 13-2143
(D.C. No. 6:10-CV-00886-JCH-LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

We grant Plaintiff's motion to amend her opening and reply briefs to fix several

typographical errors, and we have considered her amended briefs in evaluating her

appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Linda Eckert Ballard, acting pro se, appeals the district court's entry of summary judgment in favor of Defendants on all claims. We review the district court's summary judgment decision de novo. *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010).

In September 2008, Plaintiff was arrested for violating a protective order obtained by her adult son. She was transported to the Northeast New Mexico Detention Facility, which is operated by Defendant GEO Group. While at the facility, Plaintiff was evaluated by a mental health director and placed on suicide watch overnight. In her civil rights complaint, Plaintiff alleged that GEO and certain individuals associated with the facility violated her constitutional and other rights through various actions mainly relating to the suicide watch.

In January 2013, following a lengthy period of discovery and numerous filings by both parties, Defendants filed a motion for summary judgment. Plaintiff filed several other documents during the time for her to respond to the summary judgment motion, but she did not file anything relating to this motion until after the time for a response had expired. After the deadline had passed, she filed a request for an extension of time, which was denied. In March 2013, Plaintiff filed a document entitled "Motion to Strike as Response in Opposition to Defendants' Amended Joint Motion for Summary Judgment." (R. Vol. II at 34 (capitalization standardized).) The magistrate judge construed this document to be an attempted response to Defendants' summary judgment motion and disregarded it based on untimeliness. Based on Plaintiff's failure to file a timely

response, and in accordance with the District of New Mexico's local rules, the magistrate judge deemed as uncontested the statement of undisputed facts contained in Defendants' summary judgment motion. The magistrate judge then concluded, based on these facts, that Defendants were entitled to summary judgment on each of Plaintiff's claims. After considering Plaintiff's objections, the district court adopted the magistrate judge's report and recommendation and granted summary judgment in favor of Defendants on all claims. This appeal followed.

We first consider whether the magistrate judge erred in disregarding Plaintiff's untimely response to Defendants' summary judgment motion. Plaintiff argues the magistrate judge should have permitted her to file an untimely response because Defendants' summary judgment motion was also untimely under Rule 56(b), since it was filed more than thirty days after the close of discovery. However, Defendants filed their motion for summary judgment within the time set by the court's scheduling orders, and it was thus timely under Rule 56(b). On the other hand, Plaintiff failed to file a timely response or motion for an extension of time within the allotted time period, although she continued to file other non-responsive documents during that time. We review for abuse of discretion the magistrate judge's decisions to deny Plaintiff's untimely request for an extension of time and to disregard Plaintiff's untimely response to the summary judgment motion, *see Lee v. Perry*, 1998 WL 39254, at *1 (10th Cir. Jan. 30, 1998) (unpublished), and we are not persuaded the magistrate judge abused his discretion under the circumstances of this case.

We are also unpersuaded by Plaintiff's argument that the magistrate judge should have construed her "Motion to Strike as Response in Opposition to Defendants' Amended Joint Motion for Summary Judgment" and/or her earlier "Motion for Default Judgment Pursuant to the Inherent Powers of the Court" (R. Vol. I at 638 (capitalization standardized)) to be a cross-motion for summary judgment. We see no error in the magistrate judge's conclusions that the "Motion to Strike" should be construed as a response to the summary judgment motion and that the "Motion for Default Judgment," which requested default judgment as a sanction for alleged discovery violations, should be construed as a motion to compel. Moreover, even if the "Motion to Strike" were construed as a cross-motion for summary judgment, it would still be properly disregarded as untimely, and Plaintiff waived any objection to the magistrate judge's treatment of her "Motion for Default Judgment" by failing to file timely objections to the district court.[1]

We next consider whether the magistrate judge erred in deeming the statement of facts in Defendants' summary judgment motion uncontested based on Plaintiff's failure to file a timely response. Reviewing this decision for abuse of discretion, *see Wagner-Harding v. Farmland Indus. Inc. Emp. Ret. Plan*, 26 F. App'x 811, 814 (10th Cir. 2001), we affirm. Under the circumstances of this case, it was not "arbitrary, capricious, whimsical, or manifestly unreasonable judgment," *id.* (internal quotation marks omitted),

---

[1] There is no merit to Plaintiff's argument that her ability to file an objection to the district court within the applicable fourteen-day period was somehow prejudiced by the reassignment of her case to a different magistrate judge sixteen days later.

for the magistrate judge to apply the local rule under which facts that are not specifically controverted in a timely response are deemed uncontested.

Finally, we see no error in the magistrate judge's careful and thorough evaluation of the merits of Plaintiff's claims.  Analyzing these claims in light of the facts deemed uncontested in Defendants' summary judgment motion, we agree that Defendants were entitled to summary judgment on each of Plaintiff's claims against them.

Accordingly, for substantially the same reasons given by the magistrate judge and district court, we **AFFIRM** the district court's order and judgment.  Plaintiff's motion to file amended briefs is **GRANTED**.

Entered for the Court

Monroe G. McKay
Circuit Judge